UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

WILLIAM K. PRZYBYSZ,

        Debtor.

Case No. 10-07110
Hon. Scott W. Dales
Chapter 7

_____/

In re:

MIRACLE MATCH SPORTS AND
ENTERTAINMENT LLC,

        Debtor.

Case No. DG 13-01618
Hon. Scott W. Dales
Chapter 7

_____/

In re:

WKP ENTERPRISES LLC,

        Debtor.

Case No. DG 13-01620
Hon. Scott W. Dales
Chapter 7

_____/

In re:

BP SPORTS AND ENTERTAINMENT LLC,

        Debtor.

Case No. DG 13-01621
Hon. Scott W. Dales
Chapter 7

_____/

MEMORANDUM OF DECISION AND ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                United States Bankruptcy Judge

## I. INTRODUCTION

William K. Przybysz filed a voluntary petition for relief under chapter 7 on June 3, 2010, and Jeff A. Moyer was appointed as chapter 7 trustee in Case No. 10-07110-swd. In the course of investigating the affairs of Mr. Przybysz, Mr. Moyer came to believe that Mr. Przybysz had

orchestrated a Ponzi scheme through one or more closely-held limited liability companies (the "LLCs").[1]   Accordingly, as Mr. Przybysz's bankruptcy trustee (the "Przybysz Trustee"), he commenced thirty adversary proceedings against individuals and other entities who allegedly received fraudulent transfers either from Mr. Przybysz or the LLCs.  In response, many of the transferee-defendants moved to dismiss the complaints for failure to state a claim under Fed. R. Civ. P. 12(b)(6), arguing that the Przybysz Trustee had no authority to avoid transfers from non-debtor entities.  The court agreed with the defendants and granted the motions, resulting in the dismissal or settlement of all the adversary proceedings in Mr. Przybysz's bankruptcy case.

In the course of its opinion granting the dismissal motions, the court observed that only the LLCs' creditors (or their bankruptcy trustees should the LLCs themselves become debtors) had the authority to avoid transfers by the LLCs.  The Przybysz Trustee, did not appeal from the court's dismissal orders, but instead, acting as sole member of the LLCs by virtue of § 541 and as the representative of Mr. Przybysz's bankruptcy estate under § 323, he caused the LLCs to file their own voluntary petitions under chapter 7.[2]   Presumably concerned about ensuring disinterestedness,[3] the United States Trustee did not appoint the Przybysz Trustee as trustee in the LLCs' cases, but instead selected chapter 7 panel trustee John A. Porter (the "LLC Trustee") for that role.

In response to the filings, several of the former transferee-defendants in the now-dismissed Przybysz adversary proceedings[4] and Mr. Przybysz moved to dismiss the Miracle

---

[1] The LLCs are Miracle Match Sports and Entertainment LLC ("Miracle Match"); WKP Enterprises, LLC ("WKP Enterprises"); and BP Sports and Entertainment, LLC ("BP Sports").

[2] Miracle Match Sports and Entertainment LLC, Case No. 13-01618-swd; WKP Enterprises, LLC, Case No. 13-01620-swd; and BP Sports and Entertainment, LLC, Case No. 13-01621-swd.

[3] The Przybysz Trustee claims to be a creditor of the LLCs in addition to the sole member of each.

[4] Merwyn Koster, Stuart Kniff, Kirk Agerson, Anne Schofield and Brian Kniff (hereinafter the "Challengers").

Match and WKP Enterprises cases; no one, however, has moved to dismiss the BP Sports case. Although the Challengers express general frustration at having to defend themselves yet again for receiving transfers from the LLCs as part of Mr. Przybysz's supposed Ponzi scheme,[5] the dismissal motions[6] also take several other tacks toward dismissal, such as challenging the Przybysz Trustee's use of property of the Przybysz estate on both state law and bankruptcy law grounds.

For his part, Mr. Przybysz supports dismissal, contending that his exemption claims under § 522 removed the LLC interests from the estate after the deadline for objecting to exemptions under Fed. R. Bankr. P. 4003(b)(1) passed without objection.

## II.  CHALLENGES TO THE PRZYBYSZ TRUSTEE'S FILING OF THE LLC CASES

A.    State Law Issues

The Challengers contend that the court must dismiss the LLCs' cases because the Przybysz Trustee ignored corporate formalities such as calling members' meetings, preparing resolutions, and otherwise taking steps required for extraordinary corporate action when he commenced the chapter 7 proceedings on behalf of the LLCs.

The Challengers are most certainly, and technically correct, that the Przybysz Trustee paid no attention to state corporate law, as there is no suggestion of compliance in the record. These formalities, however, generally serve to protect the interests of other members of the LLC, not third parties such as the Challengers whose standing to assert non-compliance is doubtful. There are no members other than the Przybysz Trustee.  Moreover, as the Przybysz Trustee notes, he could easily take the steps to ratify the action, by summoning himself to a meeting and

---

[5] Whether Mr. Przybysz conducted a Ponzi scheme under the guise of his celebrity tennis tournaments is not at issue today because the LLC Trustee has not yet filed suit, and may determine not to file suit after investigating the affairs of the respective LLC debtors.

[6] Joint Motion to Dismiss Case Pursuant to 11 U.S.C. § 707(a), (13-01618, DN 18; 13-01620, DN 17).

persuading himself that filing the petitions was appropriate. In a single-member limited liability company under court supervision, however, requiring such self-directed activity strikes the court as pointless, especially at the insistence of parties whom the statute is not designed to protect. Indeed, had the Przybysz Trustee, as sole shareholder, called a meeting or otherwise observed corporate formalities, the outcome would not have been a mystery. Under the circumstances, the formalities would have been an empty gesture, and in Michigan, "the law does not require the doing of a useless thing." *Friedman v. Winshall*, 73 N.W.2d 248, 252 (Mich. 1955) (excusing failure to make tender); *see also* Fed. R. Civ. P. 61 (court must "disregard all errors and defects that do not affect any party's substantial rights") (applied to bankruptcy cases by Fed. R. Bankr. P. 9005). The Przybysz Trustee's failure to observe corporate formalities does not require the court to dismiss the LLCs' cases.

B.     Bankruptcy Law Issues

Mr. Przybysz and the Challengers contend that the LLC membership interests were removed from the estate when no one timely objected to Mr. Przybysz's claim of exemption under § 522. The contention, however, cannot stand after the Supreme Court's decision in *Schwab v. Reilly,* 130 S. Ct. 2652 (2010). In that case, despite the debtor's exemption claim in the full value (as stated) of certain equipment, the bankruptcy trustee sold the same equipment pursuant to § 363(b), and paid the debtor the representative value that she claimed under § 522. On appeal, the Supreme Court sided with the trustee, establishing that the property remained in the estate despite the exemption claim. Indeed, § 522 nowhere states that exempt property is removed from the estate, only that it is not liable for paying most prepetition claims, or claims that are treated as prepetition claims. *See* 11 U.S.C. § 522(c). The court rejects Mr. Przybysz's argument under Fed. R. Bankr. P. 4003(b)(1), and *Taylor v. Freeland & Kronz,* 112 S. Ct. 1644

(1992), and concludes that the LLC membership interests continued to be included within the property of the estate after the exemption objection deadline passed.

In response to the Challengers' arguments, the Przybysz Trustee filed a Motion for Order that Use of Property of the Estate Was in the Ordinary Course of Business or, in the Alternative, Retroactively Authorizing Use of Property of the Estate Other Than in the Ordinary Course of Business ("Section 363 Motion," DN 132), arguing that the court should retroactively permit the Przybysz Trustee to use the membership interests to cause the LLCs to file bankruptcy petitions without first seeking authority under § 363(b).[7]

The court has no doubt that if the Przybysz Trustee had sought permission to file the LLC's bankruptcy petitions, it would have recognized the authority under *Stephens Industries, Inc. v. McClung*, 789 F.2d 386 (6th Cir. 1986). First, as clarified during oral argument, the Przybysz Trustee used his own personal funds, not estate funds, to pay the LLCs' filing fees, so there is no cost to the estate. Although the Przybysz Trustee's counsel has not yet filed a fee application, the cost of preparing the petition, without schedules, will likely be quite modest. Second, although it seems doubtful that the Przybysz estate will derive value from the filing by virtue of its membership rights, and although the value it might derive by virtue of its status as a creditor of the LLCs seems similarly doubtful,[8] filing the petitions did preserve the possibility of some recovery, however dim, at virtually no cost to the estate. Third, there is some utility in

---

[7] As the court observed during oral argument, filing bankruptcy petitions is not in the ordinary course of business for Mr. Przybysz or his bankruptcy trustee, under either the vertical or horizontal tests the courts have developed to resolve "ordinary course" issues. *See In re Miller Mining, Inc.*, 219 B.R. 219, 223 (Bankr. N.D. Ohio 1998)(whether the transaction subjects a creditor to economic risks different from those accepted when initially contracting with the debtor (vertical dimension test) or whether the transaction is one in which other similar businesses would engage in as ordinary business (horizontal dimension test)). Moreover, the court never authorized the Przybysz Trustee to operate any business in the Przybysz case under § 721, which is a prerequisite under § 363(c)(1). The argument under § 363(c)(1) requires no further investigation beyond a glance at the statute.

[8] The court anticipates arguments sounding in equitable subordination under § 510(c), recharacterization of debt as equity, unclean hands, and similar challenges to the Przybysz Trustee's proofs of claim, even assuming the LLC cases are not administratively insolvent.

providing for an orderly wind-down of the LLCs' affairs especially if, as the Przybysz Trustee believes, the LLCs have served (and at least one may continue to serve) as an instrument of fraud. Certainly, the Przybysz Trustee's business judgment is entitled to judicial deference.

The principal detriment from the filings, one not mentioned by the parties, is the possible delay in closing the Przybysz case while the Przybysz Trustee waits for the LLC Trustee to perform his duties. The Przybysz Trustee reported that the only remaining estate assets not reduced to money are the distributions that he might receive from the LLC cases. The court would expect the Przybysz Trustee, however, to mitigate this hardship by invoking authority to make an interim distribution under Fed. R. Bankr. P. 3009.

The more difficult question is whether to approve the filings *nunc pro tunc*, since as counsel  for one of the original defendants noted during oral argument, the Przybysz Trustee is seeking forgiveness rather than permission for the filings. Although the court recognizes that granting *nunc pro tunc* relief should be the exception rather than the rule, the court is nevertheless persuaded to permit the filings *nunc pro tunc* to the original petition dates in the LLC cases. Granting such relief seems consistent with the purposes of the Bankruptcy Code, and the Challengers have not shown that retroactive relief would cause any unfair prejudice. *Cf. In re Consolidated Auto Recyclers, Inc.*, 123 B.R. 130, 141-42 (Bankr. D. Me. 1991) (authorizing trustee to file bankruptcy petitions despite not having obtained permission under § 363(b) in advance, noting propriety of *nunc pro tunc* relief because it may expose prepetition transfers to potential avoidance under preference or fraudulent conveyance theory). Here, the Przybysz Trustee is determined to file the LLCs petitions given his conviction that Mr. Przybysz used the LLCs to conduct a Ponzi scheme. The Challengers, in contrast, deny any involvement in such a scheme. Permitting the LLC cases to proceed under the direction of a disinterested

trustee like Mr. Porter who can dispassionately evaluate the merits of the Ponzi allegations before filing suit, is the most prudent course of action given the gravity of the Przybysz Trustee's allegations, the limits on his authority to recover the transfers effected by the LLCs, and his dogged determination to bring the supposed Ponzi scheme to a just end. *In re Mitan*, 573 F.3d 237 (6th Cir. 2009) (discussing bankruptcy court's authority to grant *nunc pro tunc* relief).

Dismissing the LLC cases would inevitably lead to additional motion practice in the Przybysz case, three more petitions, and three new orders for relief affecting the LLCs, possibly putting additional transfers beyond a trustee's reach. *See* 11 U.S.C. § 546(a) (deadline for avoidance actions generally measured from order for relief). The court will, therefore, ratify the Przybysz Trustee's filing of the LLC petitions in an effort to avoid further delay and multiplication of proceedings.

III. <u>JOINT MOTIONS TO DISMISS MIRACLE MATCH AND WKP ENTERPRISES</u>

The court's conclusion that the Przybysz Trustee's filing of the petitions for the LLCs was authorized (albeit retroactively) disposes of many of the arguments the Challengers advanced. The Challengers, however, also contend that they should not have to respond again to efforts to avoid transfers they received from Miracle Match and WKP Enterprises. The court does not find within the joint dismissal motions cause to dismiss.

First, the irregular inception of these two cases -- filed by a bankruptcy trustee without any matrices or schedules -- makes it impossible for the court to evaluate the impact of dismissal on creditors other than the Challengers. Before schedules are filed and the § 341 meeting takes place, dismissal is premature.

Second, dismissal is not warranted to the extent premised on the Challengers' fears of being sued again. As noted above, the LLC Trustee, after conducting his independent review,

may elect not to seek avoidance and recovery of any transfers, either because the Challengers are "net losers" as they contend, the LLC Trustee is not convinced of the merits or utility in pursuing the claims, the estates lack assets, or for some other good reason.

Third, the fact that the Challengers have been sued by the wrong person -- the Przybysz Trustee -- does not mean that the real party in interest -- the LLC Trustee -- should be deprived of the opportunity to consider pursuing avoidance actions.

Finally, and more generally, the court is loathe to find cause for dismissal in the desire of potential defendants to avoid responding to litigation on the merits. *Cf. In re Southwest Equipment Rental*, 152 B.R. 207, 209-10 (Bankr. E.D. Tenn. 1992). If this were cause to dismiss, potential chapter 5 defendants and others would likely choke the courts with premature and wasteful motion practice.

For these reasons, among others expressed above regarding the Przybysz Trustee's authority to file the petitions, the court will deny the dismissal motions.

## IV. MOTIONS TO DESIGNATE WILLIAM K. PRZYBYSZ AS "DEBTOR"

Having concluded that the LLC cases will survive the Challengers' dismissal motions, the court must consider the Przybysz Trustee's motions under Fed. R. Bankr. P. 9001(5) to designate Mr. Przybysz as the "debtor" for purposes of filing schedules, statements, creditor matrices, and related documents, and appearing for examination at the first meetings of creditors.

The rules sensibly recognize that artificial entities, such as the LLCs in these cases, may only act through individual agents. Accordingly, the applicable rule defines "debtor" in relevant part as follows:

> When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not a natural person: (A) if the debtor is a corporation, ''debtor'' includes, if designated by the

court, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control . . .

Fed. R. Bankr. P. 9001(5).  First, the court finds that each of the LLCs is a "corporation," as defined, inclusively, in § 101(9).  Second, the court finds that Mr. Przybysz comes within the enumerated classes of entities within the rule.  Indeed, in his own Statement of Financial Affairs, Mr. Przybysz lists the LLCs in response to Question 18, admitting that, as of June 14, 2010 when he signed the statement under penalty of perjury, he was "an officer, director, partner, or managing executive of a corporation" or that he owned "5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case."[9]

The court is satisfied that Mr. Przybysz qualifies for designation as the "debtor" for each of the LLCs, although it recognizes that he may not be a willing participant.  In some respects, he is in a position analogous to the president of a company that has been named in an involuntary petition under § 303.  Both must answer the call, and strive in good faith to perform the duties of a debtor, and appear for examination, subject to the court's civil contempt powers.  *In re Burkman Supply, Inc.*, 217 B.R. 223 (W.D. Mich. 1998).  The court encourages Mr. Przybysz to use his best efforts to comply.

## V.  MOTIONS TO EXTEND TIME TO FILE SCHEDULES

At the July 22, 2013 hearing, the court announced its intention to enlarge the time for filing the creditor matrices, bankruptcy schedules, statements of financial affairs, and other required documents, but was unable to set a deadline without knowing precisely who would be responsible for compliance.

---

[9] Contrary to suggestions that two of the LLCs have ceased operations years ago, Mr. Przybysz's Statement of Financial Affairs indicates that each of the LLCs was "ongoing" as late as June 14, 2010.

Because the LLC cases have been pending since March 1, 2013 without any of the customary documentation having been filed -- including creditor matrices -- the court will set a twenty-one day deadline for Mr. Przybysz to file the documents required to be filed under § 521, Fed. R. Bankr. P. 1007, and LBR 1007-2.[10]

## VI.  CONCLUSION AND ORDER

These cases present unusual, but not insurmountable, practical and conceptual difficulties as their rocky start demonstrates.  Unlike most bankruptcy cases, the possibility of chapter 5 recoveries appears to be the sole motivation for filing the petitions and the dismissal motions. Nevertheless, it remains to be seen whether the LLC Trustee will pursue such relief or spend any significant effort in marshaling assets, all of which the Bankruptcy Code commits to his discretion in the first instance.  For now, the court encourages the parties to cooperate in assembling the information that the LLC Trustee needs to "jump start" the cases and bring them to a swift conclusion, consistent with his duties under § 704.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion for Order that Use of Property of the Estate Was in the Ordinary Course of Business or, in the Alternative, Retroactively Authorizing Use of Property of the Estate Other Than in the Ordinary Course of Business, in *In re William K. Przybysz*, Case No. 10-07110 (DN 132), is GRANTED.

IT IS FURTHER ORDERED as follows:

1.     The Joint Motion of Merwyn Koster, Stuart Kniff and William K. Przybysz to Dismiss Case Pursuant to 11 U.S.C. § 707(a) in *In re Miracle Match Sports and Entertainment, LLC*, Case No. 13-01618 (DN 18), is DENIED;

---

[10] Given the court's ruling regarding the Przybysz Trustee's authority to file the petitions, the court will not require Mr. Przybysz to file the corporate resolutions contemplated in LBR 1007-2(a).  *See* LBR 9029(e).

2.      The Motion of Jeff A. Moyer for an Order Designating Debtor's Representative to File Schedules, Statements and Other Documents and Compelling Attendance at the First Meeting of Creditors in *In re Miracle Match Sports and Entertainment, LLC*, Case No. 13-01618 (DN 10), is GRANTED; and

3.      The Second Motion of Jeff A. Moyer to Extend Time Within Which to File Required Lists, Schedules, Statements and Other Documents in *In re Miracle Match Sports and Entertainment, LLC*, Case No. 13-01618 (DN 29), is GRANTED and William K. Przybysz shall file all schedules, statements, and other documents required under 11 U.S.C. § 521, Fed. R. Bankr. P. 1007, and LBR 1007-2 within 21days after entry of this Order.

IT IS FURTHER ORDERED as follows:

1.      The Joint Motion of Kirk Agerson, Anne Schofield, Brian Kniff and William K. Przybysz to Dismiss Case Pursuant to 11 U.S.C. § 707(a) in *In re WKP Enterprises, LLC*, Case No. 13-01620 (DN 17), is DENIED;

2.      The Motion of Jeff A. Moyer for an Order Designating Debtor's Representative to File Schedules, Statements and Other Documents and Compelling Attendance at the First Meeting of Creditors in *In re WKP Enterprises, LLC*, Case No. 13-01620 (DN 10), is GRANTED; and

3.      The Second Motion of Jeff A. Moyer to Extend Time Within Which to File Required Lists, Schedules, Statements and Other Documents in *In re WKP Enterprises, LLC*, Case No. 13-01620 (DN 26), is GRANTED and William K. Przybysz shall file all schedules, statements, and other documents required under 11 U.S.C. § 521, Fed. R. Bankr. P. 1007, and LBR 1007-2 within 21days after entry of this Order.

IT IS FURTHER ORDERED as follows:

1.     The Motion of Jeff A. Moyer for an Order Designating Debtor's Representative to File Schedules, Statements and Other Documents and Compelling Attendance at the First Meeting of Creditors in *In re BP Sports and Entertainment, LLC*, Case No. 13-01621  (DN 10), is GRANTED; and

2.     The Second Motion of Jeff A. Moyer to Extend Time Within Which to File Required Lists, Schedules, Statements and Other Documents in *In re BP Sports and Entertainment, LLC*, Case No. 13-01621 (DN 21), is GRANTED and William K. Przybysz shall file all schedules, statements, and other documents required under 11 U.S.C. § 521, Fed. R. Bankr. P. 1007, and LBR 1007-2 within 21days after entry of this Order.

IT IS FURTHER ORDERED that the Clerk shall enter this Order in the docket of each of the above-captioned bankruptcy cases.

IT IS FURTHER ORDERED that the Clerk shall consult with the LLC Trustee and the United States Trustee with respect to preparing and serving customary notices regarding creditor meetings and related deadlines, and shall arrange for service in accordance with the court's usual procedures insofar as practicable under the circumstances.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon William K. Przybysz, Jeff A. Moyer, Esq., Andrew J. Gerdes, Esq., John A. Porter, Esq., Earl R. Johnson, Esq., John T. Gregg, Esq.,  Robert F. Wardrop, II, Esq., Harold E. Nelson, Esq., Steven L. Rayman, Esq., and the United States Trustee.

[END OF ORDER]

**IT IS SO ORDERED.**



**Dated August 8, 2013**

Scott W. Dales
United States Bankruptcy Judge